IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
AUG 21 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MACK EDWARD HARRIS,<br><br>Defendant. | Cause No. CR 13-98-BLG-SPW<br><br>ORDER |

On July 17, 2019, the Court received from Defendant Harris a letter asking it to "research the ruling" in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019), and appoint counsel to assist him in applying for a remedy under that decision.

The Court explained that it would not appoint counsel unless Harris "is seeking relief under section . . . 2255 of title 28." *See* 18 U.S.C. § 3006A(a)(2)(B); *see also, e.g., Woodford v. Garceau*, 538 U.S. 202, 208 (2003) ("[A] habeas suit begins with the filing of an application for habeas corpus relief—the equivalent of a complaint in an ordinary civil case.").

The Court also explained it could recharacterize Harris's letter/motion for the appointment of counsel as a motion under 28 U.S.C. § 2255. Harris was permitted an opportunity to respond. He was advised that, if he wanted to have his

1

motion for counsel recharacterized, he should set forth all grounds he wanted the Court to consider. He was also advised that he could instead withdraw the motion for counsel.

In response, Harris states:

> Defendant, who has never filed a 2255, mailed a handwritten letter to the Court requesting Appointment of Counsel. The Clerk sent an order to Defendant with a Castro Order pursuant to *Castro v. United States*, 540 U.S. (2013) to re-characterize the motion as a 2255. Now comes this motion for relief.
> A Defendant may amend a motion or withdraw a letter in accordance with Rule 2 of the rules governing 2255 proceedings. Thus, Defendant requests the Court to withdraw the letter and requests to amend the letter as a motion pursuant to 18 U.S.C. § 3006(a) and requests for a standing order to appoint counsel in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019) based on *United States v. Ward*, No. 01-40050 (10th Cir. 2002).

Resp. to Order (Doc. 140) at 3.

The Court can only conclude that Harris does not want the Court to recharacterize his letter/motion for counsel as a motion under 28 U.S.C. § 2255.

If and when Harris files a motion under 28 U.S.C. § 2255, the Court will consider appointing counsel. It will review Harris's allegations in light of the record of the case and determine whether he has a reasonable likelihood of success on the merits, whether the issues are complex, and whether Harris is capable of litigating the motion himself. It will also consider whether discovery and/or an evidentiary hearing will likely be needed. *See, e.g.*, Rules 6(a), 8(c), Rules Governing § 2255 Proceedings; *Weygandt v. Look*, 718 F.2d 952, 954 ¶ 2 (9th Cir.

2

1983) (per curiam).

But a defendant does not have a compelling argument for the appointment of counsel every time the Supreme Court or another court issues a decision that might prove favorable to him. Counsel will not be appointed to consult with Harris or help him decide whether to file a motion under 28 U.S.C. § 2255.

Accordingly, IT IS ORDERED that Harris's motion for the appointment of counsel (Docs. 138, 140) is DENIED.

IT IS FURTHER ORDERED that the clerk shall administratively close the civil file and correct the docket text corresponding to Harris's letter/motion for appointment of counsel (Doc. 138) to reflect that he has not filed a § 2255 motion.

DATED this 21st day of August, 2019.

Susan P. Watters
United States District Court